3230375, the people of the state of Illinois, Eppley v. Thomas P. Rekasius. Thank you. Ms. Cohn, good morning. Good morning. Are you ready to start? I am ready to proceed. You may. Thank you. Good morning, your honors. May it please the court, counsel. My name is Kate Cohn, and I, along with Andrea Lyon from Lyon Law Firm, represent Mr. Thomas Rekasius. Before I proceed, I understand from the court procedures that I will be allotted five minutes for rebuttal, and I'm just affirming that I would like that five minutes. Thank you. Thank you. We are aware of the standards of review for both of our claims and that it is incumbent upon Mr. Rekasius to overcome presumptions, but we believe that this court should grant relief on the issues presented because the trial court erred in two matters during Mr. Rekasius's trial, and I'm actually going to take them out of order. Issue two from our brief, the trial court abused its discretion when it sentenced Mr. Rekasius consecutively when he was already sentenced for 20 years in another matter, when it could have done so concurrently. In issue one from our brief, the prosecution did not prove beyond a reasonable doubt that Mr. Rekasius was in possession of a firearm during this incident. The relief that we seek is a reversal on issue one, reasonable doubt, or one of two possible alternatives on issue two, the abuse of discretion for sentencing, which would be a reduction in sentencing, and to be clear when I say reduction, our request is actually for Mr. Rekasius to be sentenced concurrently to his other case, or a remand to the trial court for resentencing. I will address issue one, excuse me, today I'm going to focus mostly on issue two, the abuse of discretion around sentencing, and I will address issue one if necessary or if questions arise. And before I speak about the abuse of discretion, I do want to clarify one procedural issue regarding reasonable doubt. In our brief in the heading, we use the language manifest weight of the evidence. This was incorrect and an oversight. In our argument section and in our standard of review, we list Jackson v. Virginia and the related Illinois Supreme Court cases and third district cases that support our reasonable doubt argument. But we did use that language in the heading, for which I apologize, and I wanted to clear that up before I move on. So now that I've cleared that up, I'd like to speak about the abuse of discretion. After Mr. Rekasius was convicted at a bench trial, he was sentenced to two concurrent terms of eight years imprisonment to run consecutively to a 20-year sentence for a case arising out of Cook County. This is the sentence that he received as the outcome of an altercation that occurred between two individuals who knew each other from prison and who were in a heated disagreement about work that was to be done on Mr. Rekasius's car. This is the sentence that was meted out after embellishments were made by the state, both in the closing argument and at the sentencing hearing. And this was the sentence that was meted out after a change in the statute would have allowed for Mr. Rekasius to be sentenced concurrently. So if I can just inquire, the sentencing judge has, you know, discretion that we very much defer to in terms of fashioning the appropriate sentence. And it was very clear from the record that the judge was aware, if the judge wished, that concurrent sentences could be imposed. The judge acknowledged that but elected, given the facts of the case and the defendant's history, that consecutive sentences were appropriate. How can we sit here as an appellate court and second-guess that decision? And it's very clear the judge knew he could have sentenced the defendant to concurrent sentences and elected not to do so. How can we sit here now and second-guess that decision? On what basis is it an abuse of discretion? Your Honor, the trial court does have broad discretionary power to fashion the sentence based on everything that they have before them. And what we're arguing is that that power should not go unchecked. In particular, People v. Lindsay mandates that they must make that sentencing determination based on the particular circumstances of each case. And then they go on to list factors to be considered. Credibility, demeanor, general moral character, and on and on. And the Illinois Constitution requires that two things be, you know, there are dual goals there. It's that the sentence must be meted out both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship. And lastly, the weight to be, you know, given to each of these factors is dependent on the circumstances of the case. And so here, we're not asking this court to re-weigh those factors. That would be inappropriate. What we are arguing is that the trial court did not weigh the factors or did not articulate in the record with enough justification for the sentence that it ended up handing down. So, in consideration of the laws, we feel, we argue that Mr. Rickesey's sentence is greatly in variance with the spirit of the law and that the circumstances just weren't properly considered by the trial court. So here, I do want to review those circumstances. The allegation is that there was a single gunshot directed in the air in the direction of Mr. Bailey. Allegation? It was a conviction, correct? There was a conviction because we do include in our brief our reasonable doubt argument. That's why I use the phrase allegation. Understood. Per the testimony of Mr. Bailey and Ms. Bailey, Mr. Bailey was not standing near anyone at the time. In fact, he was clear on the other side of the driveway, a huge horseshoe driveway. No one was hurt in this incident. So those are some of the factors to be considered. There's also factors to be considered in mitigation, which I'm not going to review here. And to be clear, I'm not asking this court to re-weigh. That would be improper. The state in their brief offered per a first district case that a trial court need not recite and assign value to factors. I was unable to find a third district case that was analogous or had a similar rule. But just because a trial court need not do something doesn't mean that shouldn't. Because here, if the trial court judge had spoke at her sentencing to her decision, then the record would have supported that she actually considered the circumstances of this case. Both what happened in the offense and the significant mitigation that was presented on anything in the record to suggest that Judge Bertani did not consider all the appropriate factors? I know that she didn't mention each and every factor in aggravation and mitigation in imposing a sentence, but is there anything in the record that would suggest she did not do so? I would argue there that the absence of an articulation that she evaluated these factors is what's missing. That that speaks to that she did not. That given significant trauma in Mr. Ocasio's use, given significant documentation that the trial court was provided regarding his physical health impairments, upon her request, as you can see in the record, the sentencing hearing was actually continued so that she could receive more information. That then, for her to give such a short ruling speaking to her sentence is what shows, what demonstrates that she did not properly evaluate the unique circumstances of this case. I do want to speak just briefly also to the statute that was dictated that Mr. Ocasio's could have been sentenced concurrently. So, when Mr. Ocasio's was sentenced, the legislature had just recently passed amendments that changed how he could be of imprisonment or 730 ILCS 5-5-8-4, added four subsections to subsection C. This is what we feel is important, is that what had once become mandatory, now became permissive. So, the fact that Mr. Ocasio's was on pretrial release for a different felony, when this incident happened, the trial court's directive changed in terms of what she could do here. A shall became a may. Now, we know that the legislature and the courts evolve over time. Just to give two analogies, for example, this week in the Illinois Supreme Court, the case was heard, I believe it's Davis, around whether or not a person's FOID card privileges should be removed when they're charged with the felony. Perhaps Illinois is evolving on that issue. We also have one that's well known, Miller v. Alabama and its progeny here in Illinois, Buffer. So, we've seen how over time, courts shift based on changes that are happening in the law. And I ask the question, will we see changes in the way that people are sentenced based on the fact that the legislature passed this bill and it was signed into law? We can argue that the legislation, that the legislature shifted their thinking. We can argue that the governor signed these bills into law, but it will take time to see how this plays out because this just changed, in January 2023, shortly before Mr. Rickasius was sentenced. And so, perhaps we're on the cusp of seeing how this changes based on the statute, again, which was part of a much larger bill aiming to make things more equitable for those charged with and convicted of crimes. But the judge here acknowledged on the record that she was aware she had the discretion, given the new legislation, to sentence the defendant concurrently and elected based upon his history and the facts of the case and notwithstanding the trauma that he had in his earlier life, she elected not to give him concurrent sentences. This is not a situation where the judge was confused or didn't realize that she had that discretion. How do we sit here and say that was an abusive discretion? Your Honor, I'm just going to take a moment to absorb. Ms. Cohn, let me add something to Justice Brennan's comments. We can't impose a harsher sentence, can we? That would be ridiculous. So, Rasmus, change the subject. Yeah. So, I'll take these in turn. I'm going to go backwards. So, per Illinois Supreme Court Rule 615B4, this court is empowered to reduce the punishment. I agree. And there's two alternatives that we're requesting, one being a reduction to concurrent, two being a remand to the trial court. And this speaks to the first question or comment, which is that we're arguing the acknowledgement was not enough. We're arguing that we had a vast amount of mitigation here, and it was passed off with, and I'm paraphrasing because I don't have the record in front of me. Yes, I'm aware I can, but I'm not going to and moved on. And again, I think we say in our brief, there were less than 100 words given to the entirety of her sentencing decision. So, we're arguing that in light of the change to the statute, and in light of the massive amount of mitigation offered in this case, again, not asking this court to reweigh it, but instead find that the trial court didn't properly weigh or then articulate those factors in her sentencing decision. And that's why we would respectfully request either a reduction to run his sentence concurrent or a remand so that the trial court could demonstrate a proper evaluation of the sentencing factors. Thank you, Your Honors. Thank you, Ms. Cohn. Mr. Trejo? Yes, may it please the court, counsel, Adam Tarrejo on behalf of the people of the state of The majority of the argument focused here is on argument two, but just in regards to argument one, the state is relying on its brief for the proposition that the evidence overwhelmingly supported the only element contested on appeal that the defendant used a firearm during the condition of the offenses that he was found guilty of. The state would also like to know that both arguments that the defendant presents on appeal is really it's asked, the defendant is asking this court to reweigh the evidence and the sentence sentencing factors, which, of course, the state pointed out in its brief that this court does not do. Does this court have any questions in regards to argument one before I move on to argument two? Great. Moving on to argument two, the defendant's analysis is perplexing to the state because they are not contesting the fact that the court abused its discretion in sentencing him to the instant offenses. So here the court sentenced him on counts one and two to concurrent eight year sentences. The defendant in his brief, the defendant isn't stating that this was an abuse of discretion, that the aggravating and mitigating factors didn't support this sentence. The only thing the defendant is contesting is the court didn't have the sentence for the instant offenses run concurrently to a sentence imposed by a different trial court, a trial court in Cook County. In that case, the defendant was convicted to 20 years for aggravated battery involving strangulation. And really the analysis is focused within the statute. The statute referenced by the dependent on appeal is 730 ILCS 5-8-4 AA2. And it clearly states that a sentencing judge or court may issue consecutive sentences if one of two factors are met. If having regard to the nature and circumstances of the offense and the history and character of the defendant, it is the opinion of the court that consecutive sentences are required. And here the court made that finding. As Justice Brennan noted, the trial court stated that it was aware that it had the discretion to impose concurrent or consecutive sentences. But as the language mentioned within the statute, the court said, I have considered the facts of this case, your prior record, which I believe this was his fifth felony. He had four previous felonies before this. He said he considered the evidence in aggravation and mitigation. He said he considered the nature of the charges and emphasized the seriousness of the offense. That the firearm was shot in the middle of the day in a neighborhood where a family was outside. So the court did consider the relevant factors in imposing the sentence to run consecutively to a prior sentence imposed by a different court. And the state would also like to point out that the sentence was also if a person is charged with a felony and he commits a separate felony while in pre-trial release. Those are the facts in this case. The defendant committed the instant offenses while on pre-trial release for another felony and defendant doesn't contest that fact. So under either one or two of the statute, the sentence is valid. And the state asks that this sentence. Thank you. Are there any questions? Not for me. Ms. Cone, rebuttal. Yes, just briefly. Thank you. I agree with the state here. We are not saying that the actual number of years was an abuse of discretion have answered the question differently. Could have said, you know what? He already has a 20-year sentence in Cook County. He has significant mitigation here, including physical impairments and including trauma from his youth. And I believe that he will be best served by serving the sentence concurrently. We argue that that would have more appropriately comported with the Illinois constitution's commitment to look at both the seriousness of the offense, but also the restoration to citizenship. That's our argument. And we request that this court remand for resentencing or make a reduction. And to be clear by reduction, we request to run Mr. Ricasius' sentence concurrent to his Cook County sentence. Thank you. Thank you, Ms. Cone. Are there any questions? Not for me. Okay. We thank you both for your arguments this morning. We'll take the matter under advisement and we'll issue a written decision as quickly as possible.